UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY,

      Plaintiff,                     CASE NO. _____

v.

THE UNITED STATES OF AMERICA,
*ex rel* STEVEN R. TURNER, UNITED
STATES ASSISTANT TRUSTEE, REGION
21, AND ALL PANEL TRUSTEES OR
SUCCESSOR TRUSTEES CLAIMING THROUGH
THE UNITED STATES TRUSTEE; ROBERT FURR,
JOEL TABAS, and SONEET KAPILA,
SUCCESSOR TRUSTEES TO MARIKA TOLZ,

      Defendants.
_____/

**COMPLAINT FOR INTERPLEADER
AND INJUNCTIVE RELIEF**

Liberty Mutual Insurance Company ("Liberty"), a company organized under the laws of the State of Massachusetts with its principal place of business in the State of Massachusetts for its Complaint for Interpleader, Declaratory Judgment and Injunctive Relief, avers as follows:

**Parties**

1. Made defendants herein are:

    a. The United States of America, *ex rel.* Steven R. Turner, United States Assistant Trustee, Region 21 (the "UST"); and all panel trustees or successor trustees claiming through the United States Trustee;

      b.      Robert Furr, on information and belief, a person of full age of majority domiciled in the State of Florida, in his capacity as successor Trustee to Marika Tolz;

      c.      Joel Tabas, on information and belief, a person of full age of majority domiciled in the State of Florida, in his capacity as successor Trustee to Marika Tolz; and

      d.      Sonnet Kapila, on information and belief, a person of full age of majority domiciled in the State of Florida, in his capacity as successor Trustee to Marika Tolz.

(Furr, Tabas and Kapila are sometimes collectively referred to as the "Successor Trustees").

### Jurisdiction and Venue

2. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1352, as this action pertains to a bond executed pursuant to 11 U.S.C. 322 and Federal Rule of Bankruptcy Procedure 2010, naming the United States of America as obligee.

3. This Court further has original jurisdiction pursuant to 28 U.S.C. § 1335 over this civil action of interpleader involving contract funds and a bond of an amount of more than $500.00 with two or more adverse claimants of diverse citizenship.

4. This Court further has jurisdiction pursuant to 28 U.S.C. § 1332, as this suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is properly placed in this Court pursuant to 28 U.S.C. §§ 1391 and 1397.

**Background**

6. Liberty is a surety company in the business of providing, among other products, blanket bonds for bankruptcy Trustees.

7. On December 13, 2002 Liberty Mutual issued a Blanket Bond of Trustees in Cases under Chapter 7 and Chapter 11 Provided it is a Liquidation and not a Reorganization, naming the United States of America as obligee, and naming as principals various individuals who served as trustees in Chapter 7 and Chapter 11 bankruptcy cases in the Southern District of Florida (the "Bond"), based on a schedule provided by the UST's office (the "Schedule").

8. Liberty executed Renewal Certificates for the Bond each year from 2004 to 2010. Each Renewal Certificate was effective as of January 1 of a particular year, replaced the prior year's Renewal Certificate, and altered the penal sum of the Bond per trustee based on the total amount of the funds the trustees had under their administration at the time of renewal.

9. Liberty received the information about the amounts the trustees had under administration from the UST. The UST sent a letter each year to Liberty identifying the principals, listing the funds each principal had "on hand," and asking for renewal of the Bond in the total amount the listed principals had on hand. The Renewal Certificates provide, in part, that they are to be attached to and made a part of the Bond.

10. Marika Tolz is one of the principals listed on the Schedule. Tolz was a panel trustee in the United States Bankruptcy Court for the Southern District of Florida for 26 years. She was also a receiver in several state cases.

11. The 2010 Renewal Certificate lists Tolz's Bond Amount as $3,641,000.00 (the "Penal Sum").

3

12. Tolz has resigned as Trustee from her cases, and Liberty has received or been threatened with claims under the Bond from the Successor Trustees to Tolz alleging that Tolz misappropriated funds and/or otherwise failed to faithfully perform her duties as Trustee in no less than seven (7) bankruptcy cases (the "Claims"). Liberty has been advised that the Successor Trustees believe there are additional claims.

13. To date, Liberty has been sued by Furr in the following matters:

    a. *In re: James P. Driscoll*, bearing Adversary Proceeding number 10-03653 on the Docket of the United States Bankruptcy Court for the Southern District of Florida;

    b. *In re: Richard Joseph Ryan*, bearing Adversary Proceeding number 10-03627 on the Docket of the United States Bankruptcy Court for the Southern District of Florida;

    c. *In re: Kivi South*, bearing case number 04-26245 on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 342; and

    d. *In re: Fuzion Technologies Group, Inc. and Fuzion Wireless Communications*, bearing case numbers 01-28967-JKO and 01-28968-JKO on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 8.

14. Liberty is investigating the Claims, and believes it may have defenses to certain of the Claims.

15. On information and belief, the Claims exceed the Penal Sum of the Bond.

4

16. If the Claims are not resolved in one forum, Liberty will be subjected to, among other things, multiple lawsuits on the Bond, the risk of inconsistent rulings on the scope and coverage of the Bond, and adverse monetary judgments in amounts that exceed the Bond's Penal Sum.

17. Further, Claims have been asserted by Successor Trustees on the Bond, which names the United States of America as obligee. Without the participation of the UST in the resolution of the Claims, Liberty could be subject to duplicative and/or inconsistent claims.

## **COUNT ONE – STATUTORY INTERPLEADER AND INJUNCTIVE RELIEF**

18. Liberty realleges and incorporates the allegations of paragraphs 1 through 17 as if fully set forth herein.

19. Contemporaneously with this Complaint, Liberty is tendering into the registry of the Court a Bond in the amount of $3,641,000.00, the Penal Sum of Liberty's Bond as to Tolz.

20. On information and belief, Liberty is facing multiple Claims on the Bond, and the Claims exceed the penal sum of the Bond.

21. Liberty, a citizen of Massachusetts, has asserted a claim to the Penal Sum as it believes it has defenses to certain of the Claims. Liberty is diverse from other claimants, who are citizens of Florida; the amount in controversy exceeds $500.00 and Liberty is tendering into the registry of the Court a Bond in the Penal Sum. Therefore, the requirements of § 1335 are satisfied, and injunctive relief under § 2361 is permitted.

22. Liberty is entitled to process requiring the defendants to interplead their claims against the Bond in this action only.

23. Liberty is further entitled to preliminary and permanent injunctive relief under § 2361 restraining the defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Bond.

## COUNT TWO – RULE INTERPLEADER AND INJUNCTIVE RELIEF

24. Liberty realleges and incorporates the allegations of paragraphs 1 through 17 and 19 through 23 as if fully set forth herein.

25. Liberty is further entitled to process requiring the defendants to interplead their claims against the Bond in this action only under Federal Rule of Civil Procedure 22.

26. Liberty is further entitled to preliminary and permanent injunctive relief under Federal Rule of Civil Procedure 65 restraining the defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Bond as: (1) Liberty has a substantial likelihood of success on the merits of this interpleader action as Liberty's liability, if any, is clearly limited to the Penal Sum and Liberty is subjected to multiple claims and the possibility of inconsistent rulings; (2) there is a substantial threat of irreparable harm if the injunction is not granted as Liberty will be subjected to multiple lawsuits with possible inconsistent rulings and defending Claims that exceed the Penal Sum; (3) the threatened injury outweighs any harm that may result from the injunction to the non-movant as there is no prejudice to the United States Trustee and the Successor Trustees asserting the Claims in this Court rather than the individual bankruptcy matters; and (4) the injunction will not undermine the public interest.

27. Alternatively, this Court may issue and Liberty requests an injunction to restrain the parties from pursuing any claim against the Bond in another federal court pursuant to the All Writs Statute, 28 U.S.C. § 1651.

WHEREFORE, Liberty Mutual Insurance Company prays:

1. That each of the defendants in interpleader be restrained and enjoined from instituting or prosecuting any proceeding in any State or United States court affecting the Bond;

2. That the Court require the defendants to interplead their claims against the Bond and Liberty in this action only, and that the Court determine the respective rights and claims of the parties;

3. For judgment in interpleader that Liberty has no liability to the defendants in connection with the Bond; and

4. For such other legal and equitable relief as the Court may deem just and proper.

*s/ Brett D. Divers*
BRETT D. DIVERS, ESQ.
Florida Bar No. 0973246
bdivers@mpdlegal.com
ALBERTA L. ADAMS
Florida Bar No. 0080063
aadams@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 2010
Tampa, FL 33602
(813) 229-3500 (Telephone)
(813) 229-3502 (Fax)
*Attorneys for Liberty Mutual Insurance Company*
